IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY N. MINCHELLA, | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | **NO. 14-4024** |
| SUN LIFE ASSURANCE COMPANY | : | |
| OF CANADA, | : | |
| **Defendant.** | : | |

## MEMORANDUM OPINION

**Rufe, J.**                                                                 **July 28, 2015**

Plaintiff seeks declaratory judgment and other relief under the Employee Retirement Income Security Act ("ERISA")[1], alleging that Defendant has failed to make a decision on Plaintiff's claim for basic accidental death benefits, pursuant to a policy issued to the decedent, Jason Minchella, despite Plaintiff's repeated requests that Defendant do so.  Defendant has moved to dismiss the claim on the grounds that Plaintiff's claim is precluded under the doctrine of *res judicata* and that Plaintiff has failed to exhaust his administrative remedies as required under ERISA.  For the reasons stated below, Defendant's motion will be denied.

I.   BACKGROUND[2]

Plaintiff Anthony Minchella is the administrator of his father Jason Minchella's estate. The decedent was insured under a group life insurance policy issued by Defendant Sun Life Assurance that he received as a benefit of his employment with La Brea Bakery (the "Policy"). The Policy provided both a general life insurance benefit and a basic accidental death benefit.

---

[1] 29 U.S.C. § 1001 *et seq.*

[2] Except as noted, the facts are drawn from the Amended Complaint.

Jason Minchella died on June 13, 2011. Following Jason Minchella's death, Plaintiff filed a claim with Defendant for benefits under the Policy (the "First Claim").[3] It is unclear whether the First Claim made a general request for any benefits that might be available under the Policy, or requested only general life insurance benefits.[4]

On June 4, 2013, Plaintiff filed a complaint against Defendant in the Delaware County Court of Common Pleas asserting numerous state-law causes of action arising from Defendant's alleged delay and denial of payment of the benefits requested in the First Claim.[5] Defendant removed the case to this Court, arguing that the federal court had jurisdiction because Plaintiff's state-law claims were preempted by ERISA. The removed case was docketed in this Court as Civil Action No. 13-3823 (the "2013 Case"). Defendant also filed a motion to dismiss, arguing that the state law claims must be dismissed as pre-empted by ERISA.[6]

On August 12, 2013, while Defendant's motion to dismiss was still pending before this Court, Plaintiff and Defendant entered into a release and settlement agreement, under which Defendant paid Plaintiff $48,000 in return for the discharge and release of all claims for general life insurance benefits.[7] Although the record is unclear, it appears that before entering into the release and settlement agreement, Plaintiff had filed an additional claim with Defendant

---

[3] *See* Pl.'s Compl. at ¶ 13-19, *Minchella v. Sun Life Assurance Co. of Can.*, No. 13-3823, Doc. No. 1, Ex. 1 (E.D. Pa. Jul. 1, 2013).

[4] *See id.* (alternating between referring to Plaintiff's claim as one for benefits under the Policy and as one for life insurance benefits, without specifically discussing accidental death benefits).

[5] *Id.*

[6] *See* Def.'s Mot. to Dismiss, *Minchella v. Sun Life Assurance Co. of Can.*, No. 13-3823, Doc. No. 3 (E.D. Pa. Jul. 2, 2013).

[7] *See* Pl.'s Resp. in Opp'n to Def.'s Mot. to Dismiss Ex. B. Because the release and settlement agreement is referenced in the Amended Complaint, its contents may be considered in the context of a motion to dismiss.

specifically requesting accidental death benefits (the "Second Claim").[8]  The release and settlement agreement carved out the pending Second Claim from the settlement as follows: "[t]his release shall not include, however, the current claim for accidental death and dismemberment (AD&D) benefits that the Estate has pending with Sun Life."[9]

The parties did not inform the Court of the release and settlement agreement, and the Court issued a memorandum opinion and order regarding Defendant's pending motion to dismiss on September 23, 2013.[10]  The Court held that Plaintiff's state-law claims were preempted by ERISA and dismissed the complaint without prejudice to Plaintiff's right to file an amended complaint stating an appropriate federal cause of action within 30 days.[11]  No amended complaint was filed in the 2013 Case.

Instead, on June 10, 2014, approximately nine months after the dismissal of the 2013 Case, Plaintiff returned to the Delaware County Court of Common Pleas and filed a new complaint (the "2014 Complaint").[12]  The 2014 Complaint raised numerous state-law causes of action arising from Defendant's alleged refusal to communicate with Plaintiff and recognize his entitlement to accidental death benefits.[13]  Defendant removed the case to this Court, again arguing that Plaintiff's state-law claims were preempted by ERISA, and the 2014 Complaint became the basis of this action.

---

[8] *See id.* at 2; *see also* Notice of Removal Ex. A, at ¶ 6 (stating that Plaintiff "discovered that additional benefits may be due and owed to the Estate of Jason Minchella from Sun Life Assurance for Basic Accidental Death proceeds.").

[9] *Id.* at 2.

[10] *See Minchella v. Sun Life Assurance Co. of Can.*, No. 13-3823, 2013 WL 5330171 (E.D. Pa. Sept. 23, 2013).

[11] *Id.*

[12] Notice of Removal Ex. A.

[13] *Id.* at ¶ 10-11.

Defendant then moved to dismiss the 2014 Complaint as preempted by ERISA and precluded by the doctrine of *res judicata*.  Within the time allowed for amendment as a matter of course pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff filed an amended complaint stating an ERISA claim and clarifying the nature of Plaintiff's factual allegations: rather than alleging that Defendant improperly delayed and denied payment of the benefits requested in the First Claim (as alleged in the 2013 Case), the Amended Complaint alleges that Defendant has failed to reach a decision on the Second Claim despite repeated requests to do so.[14]  Defendant moved to dismiss on the grounds that Plaintiff's claims are barred by the doctrine of *res judicata* and that Plaintiff has failed to exhaust his administrative remedies.

## II.   STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement"[15] lacks enough substance to show that he is entitled to relief.[16]  In determining whether a motion to dismiss should be granted, the Court must consider only those facts alleged in the complaint, accepting all allegations as true and drawing all reasonable inferences in favor of the plaintiff.[17]  Courts are not, however, bound to accept as true legal conclusions couched as

---

[14] Pl.'s Am. Compl., at ¶ 9.

[15] Fed. R. Civ. P. 8.

[16] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

[17] *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *Fay v. Muhlenberg Coll.*, No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

factual allegations.[18]  Something more than a mere possibility of a claim must be alleged; plaintiff must allege "enough facts to state a claim to relief that is *plausible* on its face."[19]

## III.   DISCUSSION

### A.  *RES JUDICATA*

The doctrine of *res judicata* (also known as claim preclusion) bars a party from instituting a subsequent suit against the same party based on the same cause of action asserted in the initial suit.[20]  In order to invoke the doctrine, the party seeking preclusion must establish three elements: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action."[21]  Although the application of *res judicata* "bars not only claims that were brought in a previous action, but also claims that could have been brought,"[22] a claim based upon a "cause of action [that] had not yet accrued" before the entry of final judgment is not precluded.[23]

The express reservation of the Plaintiff's pending claim for accidental death benefits in the release and settlement agreement raises a potential issue as to whether the Court's dismissal of the 2013 Case may fairly be considered a final judgment binding upon the parties with regard to the Second Claim.  A dismissal without prejudice generally becomes a final judgment when

---

[18] *Twombly*, 550 U.S. at 555, 564.

[19] *Id.* at 570 (emphasis added); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[20] *Duhaney v. Att'y Gen. of U.S.*, 621 F.3d 340, 347 (3d Cir. 2010) (citing *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008)).

[21] *Id.* (quoting *Mullarkey*, 536 F.3d at 225).

[22] *Id.* (quoting *Mullarkey*, 536 F.3d at 225).

[23] *CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 204-05 (3d Cir. 1999) (citing *Labelle Processing Co. v. Swarrow*, 72 F.3d 308, 314 (3d Cir. 1995)).

the plaintiff is granted leave to amend the complaint and elects not to do so.[24]  In this case, however, the parties settled Plaintiff's claim for general life insurance benefits, and while the reservation of the pending Second Claim for basic accidental death benefits indicates that the parties had not resolved the issue, it is not clear whether it was ripe for adjudication.  Plaintiff's decision not to file an amended complaint in the 2013 Case therefore may have been based upon the parties' shared belief that, due to the release and settlement agreement, no issues were then ripe for judicial resolution, although if this is the case, both parties erred in failing to inform the Court of the release and settlement agreement.

Even if the Court were to consider the dismissal of the 2013 Case as a final judgment, there would be a potential issue as to whether the claim stated in the Amended Complaint in this action – that Defendant failed to reach a timely decision on the Second Claim – had accrued before the 30-day period for amendment of the complaint in the 2013 Case had expired.  These potential issues are better addressed on a complete factual record.  Therefore, the Court makes no ruling as to whether the claims in this action are barred by *res judicata* at this stage in the litigation.

## B.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendant has also raised the affirmative defense that Plaintiff failed to exhaust available administrative remedies as required by ERISA.[25]  It is well-established that an ERISA plan participant "must exhaust the administrative remedies available under the plan before seeking relief in federal court unless the participant can demonstrate that resort to the plan remedies

---

[24] *Hagan v. Rogers*, 570 F.3d 146, 151 (3d Cir. 2009) (citing *Frederico v. Home Depot,* 507 F.3d 188, 192 (3d Cir. 2007)).  While *Hagan* interpreted finality for the purposes of the appellate jurisdiction pursuant to 28 U.S.C. § 1291, this interpretation has also been applied in the context of *res judicata*.  *See Hopkins v. GNC Franchising, Inc.*, 288 F. App'x 871, 872 (3d Cir. 2008) (citing *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976)).

[25] *Metropolitan Life Ins. Co. v. Price*, 501 F.3d 271, 280 (3d Cir. 2007) (citing *Paese v. Hartford Life & Acc. Ins. Co.*, 449 F.3d 435, 446 (2d Cir. 2006)).

would be futile."[26]  In order to prove failure to exhaust, however, the defendant must demonstrate to the Court what the available remedies are and how the plaintiff has failed to exhaust them; the defendant's "bald assertion" that the plaintiff has failed to exhaust administrative remedies is insufficient.[27]  At the motion to dismiss stage, the Court may consider only the complaint, its exhibits, undisputedly authentic documents referenced in the complaint, and matters of public record.[28]  Although the Policy is in the record, Defendant has failed to plead any specific language in the Policy regarding available or required administrative remedies.  The express reservation of the Second Claim in the release and settlement agreement appears to evince Plaintiff's intent to exhaust administrative remedies, and the allegation that Defendant repeatedly ignored Plaintiff's request to reach a final claim decision raises a potential issue as to whether any further attempt to exhaust administrative remedies would have been futile.  The current state of the record therefore does not permit any determination as to the affirmative defense of exhaustion of administrative remedies, but Defendant may, if appropriate, raise the issue again in any motions for summary judgment.

## IV.   CONCLUSION

For the reasons stated above, Defendant's motion to dismiss will be denied.  An appropriate Order follows.

---

[26] *Karpiel v. Ogg, Cordes, Murphy & Ignelzi, LLP*, 297 F. App'x 192, 193 (3d Cir. 2008) (citing *Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 249-51 (3d Cir. 2002); *Weldon v. Kraft*, 896 F.2d 793, 800 (3d Cir. 1990)); *see also D'Amico v. CBS Corp.*, 297 F.3d 287, 291 (3d Cir. 2002).

[27] *Karpiel*, 297 F. App'x at 193-94.

[28] *Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).